UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-1614 JVS (RNBx)** | Date | April 16, 2012 |
| Title | **Network Signatures, Inc. v. Nestlé USA, Inc.** | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Adrianna Gonzalez | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Hermant Hari Kewalramini | John Mancini |
| | Dale Giali |

**Proceedings:   Defendant's Motion to Dismiss (fld 2-6-12)**

**Cause called and counsel make their appearances.  The Court's tentative ruling is issued.  Counsel make their arguments.  The Court DENIES Defendant's Motion and rules in accordance with the tentative ruling as follows:**

This action arises out of Defendant's alleged use of patented technology licensed to plaintiff and involving the secure transmission of communications via the Internet. Defendant Nestlé USA, Inc. ("Nestlé") moves to dismiss the Complaint filed by Plaintiff Network Signatures, Inc. ("NSI") pursuant to Federal Rule of Civil Procedure 12(b)(6). NSI opposes.  As set forth below, the Court denies the Motion to Dismiss.

I.      Legal Standard

Pursuant to Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff's factual allegations support reasonable inferences that could support a finding of liability. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 11-1614 JVS (RNBx)**     Date   April 16, 2012

Title    **Network Signatures, Inc. v. Nestlé USA, Inc.**

inference that the defendant is liable for the misconduct alleged." Id. at 1940. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

II.   Discussion

     A.   Complaint

This case concerns technology for encrypting sensitive communications. NSI has an exclusive license from the United States of America for U.S. Patent No. 5,511,122 ("the '122 Patent"). (Compl. ¶ 8.) The patent claims a "critical method of authenticating a computer in which a private electronic key is used, together with a validating public electronic key, to create a cryptographic signature, the cryptographic signature is transmitted in at least one packet to the validating computer, and the signature is verified by the validating computer using its private key and the public key of the computer to be authenticated." (Id.) The authentication method "allows for the safe and secure communication of sensitive information, such as personal banking, commercial, financial, and other information." (Id.)

NSI alleges that Nestlé "uses digital certificates and digital signatures implemented through the use of public key infrastructure to facilitate communication with its employees, business partners, affiliates, and customers." (Id. ¶ 14.) More specifically, NSI alleges that Nestlé "enables a computer of a Defendant customer, affiliate, business partner, or employee ('sending computer') to send a secure communication over the Internet to another computer ('receiving computer') by using a confidential private key, and a public key, to digitally sign the message being sent." (Id.) Once "the receiving computer receives the signed message, it uses the sending computer's public key, and its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-1614 JVS (RNBx) | Date | April 16, 2012 |
| Title | Network Signatures, Inc. v. Nestlé USA, Inc. | | |

private key, to decrypt the signature (collectively referred to as 'Defendant Authentication Activities')." (Id.)

NSI alleges that Nestlé induced the infringement of others "who operate methods that embody or otherwise practice one or more of the claims of the '122 Patent" and that Nestlé "provid[ed] non-staple articles of commerce to others for use in an infringing system or method." (Id. ¶¶ 16-17.)

On October 19, 2011, NSI filed its Complaint against Nestlé, asserting causes of action for three types of patent infringement in violation of the Patent Act of 1952, 35 U.S.C. § 271, and seeking a permanent injunction and damages.

B. Patent Infringement

1. Direct Infringement

To establish a claim for direct patent infringement under the first subsection of § 271, a plaintiff must show that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a). "Direct infringement requires a party to perform or use each and every step or element of a claimed method or product." BMC Res., Inc. v. Paymentech, LP, 498 F.3d 1373, 1378 (Fed. Cir. 2007). "For process patent or method claims, infringement occurs when a party performs all of the steps of the process." Id. However, a party that does not perform all steps of the process may be held liable for direct infringement where that party exercises "control or direction" over a third party that performs the remaining steps. Id. at 1379-82. "[T]he control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1330 (Fed. Cir. 2008) (citing BMC Resources, 498 F.3d at 1379).

Nestlé urges dismissal because NSI has not alleged it has performed all the steps of the patent-in-suit, and because NSI has not sufficiently alleged Nestlé's "control or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-1614 JVS (RNBx) | Date | April 16, 2012 |
| Title | Network Signatures, Inc. v. Nestlé USA, Inc. | | |

direction" over third parties who may have performed the remaining steps. (Motion at 6-10.) In part, Nestlé's argument equates NSI's eventual evidentiary burden with its pleading burden.[1] The pleading burden is met where a plaintiff alleges infringement by either a defendant by itself or by a combination of its actions and the actions of others under its control or direction. NSI has so alleged. (Compl. ¶¶ 14-15.)

Other district courts considering this issue have arrived at similar conclusions. See, e.g., Nielsen Co. (US), LLC v. comScore, Inc., 819 F. Supp. 2d 589 (E.D. Va. 2011); Actus, LLC v. Bank of Am. Corp., CIV.A. 2-09-CV-102-T, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010); Yangaroo Inc. v. Destiny Media Technologies Inc., 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009). The district court case cited by Nestlé is distinguishable in that the plaintiff merely set forth a listing of products it believed infringed its patents; here, NSI describes the steps of Nestlé's use of its computers that are alleged to infringe NSI's patent. (See Motion at 8 (citing Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastic Co. Ltd., 767 F. Supp. 2d 806, 812 (E.D. Mich. 2011)).)

The Motion to Dismiss the direct infringement claim is denied.

    2.    Indirect Infringement

Indirect infringement is prohibited by § 271(b): "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To be actionable, a claim for indirect infringement must be supported by an actionable direct infringement claim. See Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1033 (Fed. Cir. 2002) ("It is well settled that there can be no inducement of infringement without direct infringement by some party."). Two additional elements

---

[1] In its Motion, Nestlé relies on Canton Bio Med., Inc. v. Integrated Liner Technologies, Inc., 216 F.3d 1367 (Fed. Cir. 2000), which it contends affirmed the dismissal a patent infringement claim because the plaintiff had failed to allege that the defendant performed all the steps of a patented method. (Motion at 8.) However, a review of that case reveals that it examined the plaintiff's evidentiary burden at the summary judgment stage of the case rather than the pleading sufficiency of the infringement claim. Canton Bio. Med., 216 F.3d at 1369-70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 11-1614 JVS (RNBx)**    Date   April 16, 2012

Title  **Network Signatures, Inc. v. Nestlé USA, Inc.**

must be present. First, there must be allegations of conduct amounting to inducement. DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aid[ed] and abett[ed] another's direct infringement.") (internal quotation marks and citation omitted). Second, there must be allegations of the intent to cause direct infringement, that is, a defendant must induce acts by another that are known by the defendant to constitute patent infringement. See Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011); see also DSU Med. Corp., 471 F.3d at 1306 ("[I]f an entity offers a product with the object of promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement, it is then liable for the resulting acts of infringement by third parties.").

Here, the Court has concluded NSI has stated a claim for direct infringement.

The Court also concludes NSI has set forth allegations regarding the first of the two additional elements required for indirect infringement. NSI alleges Nestlé "enables [another's] computer . . . to send a secure communication . . . by using a confidential private key, and a public key, to digitally sign the message" in a manner that infringes the '122 Patent. That NSI does not specify in greater detail the exact manner in which Nestlé is alleged to "enable[]" the infringing activities is not dispositive at the pleadings stage. Whether Nestlé does this by allowing others to access to a fully interactive web site, by offering a program for download to the sending computer, or by some other means need not be pleaded in the Complaint. By describing in the Complaint the manner in which the '122 Patent is allegedly infringed, NSI meets its Twombly/Iqbal burden.

The second additional element is also met. NSI alleges that Nestlé had knowledge of the '122 Patent and knew their actions would infringe. (Compl. ¶ 16.)

The Motion to Dismiss the indirect infringement claim is denied.

     3.    Contributory Infringement

Like indirect infringement, contributory infringement first requires an underlying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 11-1614 JVS (RNBx) | Date | April 16, 2012 |
| Title | Network Signatures, Inc. v. Nestlé USA, Inc. | | |

direct infringement claim, which the Court has found NSI sufficiently pleads here. See Epcon Gas Sys., 279 F.3d at 1033.

Contributory infringement is prohibited by the third subsection of § 271:

> (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c).[2] Stated otherwise, "[a] party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) 'to be especially made or especially adapted for use in an infringement of such patent.'" i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 850-51 (Fed. Cir. 2010) (quoting 35 U.S.C. § 271(c)), aff'd on other grounds, 131 S. Ct. 2238 (2011).

NSI has sufficiently alleged a claim for contributory infringement. NSI describes the manner in which it alleges the '122 Patent has been infringed, it alleges Nestlé had

---

[2] In part, this subsection codifies "patent law's traditional staple article of commerce doctrine . . . that distribution of a component of a patented device will not violate the patent if it is suitable for use in other ways." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005). Thus, "where an article is 'good for nothing else' but infringement" it carries with it a "presum[ption of] an intent to infringe." Id. (citations omitted). "Conversely, the doctrine absolves the equivocal conduct of selling an item with substantial lawful as well as unlawful uses" that reflects only "the mere understanding that some of one's products will be misused," thereby "leav[ing] breathing room for innovation and a vigorous commerce." Id. at 932-33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-1614 JVS (RNBx)** | Date | April 16, 2012 |
| Title | **Network Signatures, Inc. v. Nestlé USA, Inc.** | | |

knowledge of the '122 Patent, and that "non-staple articles of commerce" provided to others to enable them to use the allegedly infringing system or method. (Compl. ¶¶ 14 & 16-17.)

The Motion to Dismiss the claim for contributory infringement is denied.

C. <u>Willful Infringement</u>

"[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." <u>In re Seagate Tech., LLC</u>, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This is an objective inquiry that does not implicate the state of mind of the accused infringer. <u>Id.</u> After establishing this threshold element, "the patentee must also demonstrate that this objectively- defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." <u>Id.</u>

Here, NSI sets forth factual allegations describing a process engaged in by Nestlé and others that NSI contends amounts to infringement. (Compl. ¶ 14 & 16-17.) NSI also alleges Nestlé knew of the '122 Patent. (Compl. ¶ 16.) These are sufficient allegations of willfulness.

Nestlé argues that NSI's allegations regarding its knowledge of the '122 Patent are conclusory and devoid of factual content. However, "knowledge" may be alleged generally. Fed. R. Civ. P. 9(b). Moreover, NSI's other allegations allow for an inference of knowledge of the patent-in-suit and render the willful infringement claim plausible under <u>Twombly/Iqbal</u>. <u>Accord Sony Corp. v. LG Electronics U.S.A., Inc.</u>, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) (finding sufficient allegations of willfulness where plaintiffs identified the specific accused products and alleged that defendants had actual notice of the patents).

Nestlé's reliance on <u>IpVenture, Inc. v. Cellco</u> P'ship, C 10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011), does not convince the Court it should reach a contrary conclusion. There, the court found that allegations of the defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1614 JVS (RNBx) | Date | April 16, 2012 |
|---|---|---|---|
| Title | Network Signatures, Inc. v. Nestlé USA, Inc. | | |

knowledge of the plaintiff's patent <u>application</u> insufficiently alleged knowledge of the subsequently issued patent. Here, NSI has alleged Nestlé's knowledge of the '122 Patent.

III.  Conclusion

   The factual allegations set forth in paragraphs 14, 16, and 17 of the Complaint plausibly give rise to an entitlement to relief. Specifically, assuming the veracity of these factual allegations, NSI has stated claims for direct, contributory, and inducing infringement of the '122 Patent against Nestlé. NSI has also sufficiently alleged willfulness. The Motion to Dismiss is denied.

   Because the Court finds that the allegations set forth in the Complaint are sufficient to state a claim under the <u>Twombly/Iqbal</u> standard, the Court has no occasion to consider the parties' arguments regarding whether compliance with Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure is sufficient to state a claim.

   **IT IS SO ORDERED.**

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | ag | | |